**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOHN EDWARD FINEGAN
Plaintiff

CA 05 506 ML

VS. C.A.NO:

ROBERT S. MUELLER, III, in his capacity
As Director of the FEDERAL BUREAU OF INVESTIGATION
Defendant

**Facts common to all counts**

1. Plaintiff, John Edward Finegan, is a resident of the State of Rhode Island.

2. Defendant, Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1346.

4. This court has the authority pursuant to 28 U.S.C. 2201 to provide the relief requested herein.

5. In 1980, Plaintiff was the driver of an automobile that was involved in an automobile accident that resulted in the death of a pedestrian (**Exhibit A**).

6. Said accident took place in the Town of Coventry, State of Rhode Island (the "Incident").

7. Plaintiff was not arrested by the Coventry Police Department as a result of the Incident.

8. Plaintiff was not charged by the Coventry Police Department as a result of the Incident.

9. Plaintiff was processed by the Coventry Police Department as a result of the Incident, during which his fingerprints were taken.

10. The facts surrounding the Incident were submitted by the Rhode Island Department of Attorney General to a Grand Jury.

11. The Grand Jury issued a No True Bill on March 21, 1980 on the charge of driving as to endanger, death resulting (**Exhibit B**).

12. Plaintiff was never charged or prosecuted criminally for this incident.

13. Despite the fact that a No True Bill was returned, Plaintiff's fingerprint identification information remains on file with the Federal Bureau of Investigation ("FBI").

**Count I**
**Request for Injunctive Relief**

14. Plaintiff hereby incorporates by reference paragraphs one through thirteen as if fully set forth herein.

15. Plaintiff's record with the FBI presently creates a false and misleading impression of Plaintiff.

16. Plaintiff's record with the FBI may in the future create a false and misleading impression of Plaintiff.

17. Plaintiff's record with the FBI may in the future cause the Plaintiff to suffer disrespect.

18. Plaintiff's record with the FBI may in the future stymie his potential for employment.

19. Plaintiff's record with the FBI is not vital to effective law enforcement.

20. Maintaining Plaintiff's record with the FBI will not enable the Government to utilize more efficiently its facilities for combating crime.

21. Maintaining Plaintiff's record with the FBI will not be vital in curbing the growth of crime.

22. There is no legitimate law enforcement purpose that justifies maintaining Plaintiff's record with the FBI in a matter where the Grand Jury has refused to return an indictment.

23. The expunction of Plaintiff's record with the FBI will not create excessive practical administrative problems for the Government.

24. The facts of the instant matter present unusual or exceptional circumstances that justify the exercise of the Court's equitable powers.

25. Plaintiff has no adequate remedy at law or otherwise if his record with the FBI is not expunged.

26. Plaintiff will suffer irreparable harm unless his request for expunction is granted.

27. The Government will suffer no harm if Plaintiff's request for expunction is granted.

28. In balancing the equities of this case, Plaintiff will suffer great hardship if his request for expunction is denied; the Government will suffer no hardship if it is granted, and the public has a great interest in ensuring that a person's name and reputation are not in any way tainted or harmed when there is no evidence to support a criminal charge made against him.

***WHEREFORE***, Plaintiff requests that the Court exercise its equitable powers and enter an Order directing the Federal Bureau of Investigation to expunge from its files all records of Plaintiff and all records relating to this incident, and to provide written proof of said expunction.

**Count II**
**Request for Declaratory Judgment**

29. Plaintiff hereby incorporates by reference paragraphs one through twenty-eight as if fully set forth herein.

30. The Court should enter declaratory judgment, declaring that the Federal Bureau of Investigation has no reasonable basis for maintaining Plaintiff's record.

31. The Court should enter declaratory judgment, declaring that the Plaintiff is entitled to have his criminal record expunged.

32. The Court should enter declaratory judgment, declaring that the Federal Bureau of Investigation should expunge Plaintiff's record.

***WHEREFORE***, Plaintiff requests that the Court exercise its equitable powers and enter an Order declaring that:

(a) the Federal Bureau of Investigation has no reasonable basis for maintaining Plaintiff's record;

(b) the Plaintiff is entitled to have his criminal record expunged; and

(c) the Federal Bureau of Investigation shall expunge from its files all records of Plaintiff and all records relating to this incident, and to provide written proof of said expunction.

John Edward Finegan,
By his attorney,

Carl S. Levin, Esq. (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26